Case 1:20-cv-05692-AMD-RLM Document 1-2 Filed 11/23/20 Page 1 of 7 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------X

LAUREN IRONS,

                         Plaintiff,

         - against -


RANDOLPH JOHNSON and
DOMINO'S PIZZA LLC.,

                        Defendants.

-------------------------------------------X

**VERIFIED**
**COMPLAINT**

Index No. 513474/2019

Plaintiff, LAUREN IRONS, by her attorney, The Law Office of George T. Ostrowski Jr., as and for a Verified Complaint, alleges the following:

## AS AND FOR A CAUSE OF ACTION
## ON BEHALF OF THE PLAINTIFF,

1.     Upon information and belief, at all times hereinafter mentioned, the defendant, DOMINO'S PIZZA LLC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

2.     Upon information and belief, at all times hereinafter mentioned, the defendant, DOMINO'S PIZZA LLC., was and still is a partnership duly organized and existing under and by virtue of the laws of the State of New York.

3.     Upon information and belief, at all times hereinafter mentioned, the defendant, DOMINO'S PIZZA LLC., was and still is a Limited Liability Company existing under and by virtue of the laws of the State of New York.

4.     Upon information and belief, at all times hereinafter mentioned, the defendant, DOMINO'S PIZZA LLC., was and still is an unincorporated business existing under and by virtue of the laws of the State of New York.

5.      Upon information and belief, at all times hereinafter mentioned, the defendant, RANDOLPH JOHNSON, was the owner and operator of a 2005 Nissan motor vehicle which bore license plate and registration number GYD6706, New York, 2016.

6.      Upon information and belief, at all times hereinafter mentioned, the defendant, RANDOLPH JOHNSON, was the owner of a motor vehicle.

7.      Upon information and belief, at all times hereinafter mentioned, the defendant, RANDOLPH JOHNSON, was the operator of a motor vehicle.

8.      Upon information and belief, at all times hereinafter mentioned, the defendant, RANDOLPH JOHNSON, operated the last-mentioned motor vehicle within the course of his employment with the defendant, DOMINO'S PIZZA LLC.

9.      Upon information and belief, at all times hereinafter mentioned, the defendant, RANDOLPH JOHNSON, operated the last-mentioned motor vehicle with the consent and permission, express and/or implied of the defendant, DOMINO'S PIZZA LLC.

10.      Upon information and belief, at all times hereinafter mentioned, the parking lot of 617 East 108th Street, Brooklyn, New York, was a parking lot traveled upon by motor vehicles and pedestrians.

11.      At all times hereinafter mentioned, the plaintiff, LAUREN IRONS, was a pedestrian at the above described location.

12.      Upon information and belief, at all times hereinafter mentioned, the aforesaid motor vehicle of the defendant, RANDOLPH JOHNSON, was being operated by the defendant, RANDOLPH JOHNSON, at the above described location.

13.      On June 19, 2016, the aforesaid motor vehicle came into contact with the person of the plaintiff, LAUREN IRONS.

14.     On the aforementioned date the aforesaid motor vehicle came into contact with the person of the plaintiff, LAUREN IRONS, at or near the aforementioned location.

15.     The defendants were negligent in their ownership, operation, management, maintenance, care and control of their motor vehicle in that their motor vehicle was operated in the following manner: in striking plaintiff's person; in failing to avoid striking plaintiff's person; in travelling at too rapid, excessive and dangerous a rate of speed under the law and all of the surrounding circumstances; in failing to maintain a proper lookout; in failing to keep and/or maintain proper control over their motor vehicle; in failing to keep and/or maintain proper control over their motor vehicle; in failing to observe and/or obey the traffic and weather conditions, rules, signals, warnings, statutes and ordinances existing, at, near and/or about the aforementioned time and location; in failing to properly and timely apply the brakes; in failing to yield right of way; in failing to properly and timely observe the plaintiff's person; in failing to give any and/or any adequate signal, sign, warning or other notice of approach, movement or danger; in proceeding in violation of and in disregard of a traffic light and/or traffic lights controlling the aforesaid location; in failing to keep and/or maintain their motor vehicle in a proper and/or adequate state of repair and/or condition, particularly, but not limited to the brakes, suspension, steering mechanism and tires of their motor vehicle; by reason of the vehicle owner's vicarious liability for the negligence of the vehicle operator, as set forth in § 388 of the New York State Vehicle and Traffic Law; by reason of an employer's vicarious liability for the negligence of its employee; and in failing to use that degree of care and caution warranted under all of the surrounding circumstances.

Case 1:20-cv-05692-AMD-RLM   Document 1-2   Filed 11/23/20   Page 4 of 7 PageID #: 11

16.     The aforesaid occurrence and the injuries resulting to the plaintiff, LAUREN IRONS, therefrom, were caused solely and wholly as a result of the negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

17.     As a result of the aforesaid, the plaintiff, LAUREN IRONS, has sustained a serious injury as defined in § 5102(d) of the Insurance Law of the State of New York and an economic loss greater than basic economic loss as defined in § 5102(a) of the Insurance Law of the State of New York.

18.     Solely by reason of the aforesaid, the plaintiff, LAUREN IRONS, sustained personal injuries to and about her head, limbs, spine and body.

19.     Solely by reason of the aforesaid, the plaintiff, LAUREN IRONS, became sick, sore, and disabled; the plaintiff, LAUREN IRONS, suffered and continues to suffer from great physical pain and mental anguish; plaintiff has been informed and anticipates that future suffering will exist and will be permanent with permanent pain, discomfort, limitation of movement, disfigurement, and disability.

20.     Solely by reason of the aforesaid, the plaintiff, LAUREN IRONS, was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

21.     Solely by reason of the aforesaid, the plaintiff, LAUREN IRONS, was unable to attend to her usual duties and occupation for some time; upon information and belief plaintiff will be unable to do so or limited from doing so permanently or for some time in the future.

22.     This action falls within one or more of the exceptions set forth in C.P.L.R. § 1602.

Case 1:20-cv-05692-AMD-RLM   Document 1-2   Filed 11/23/20   Page 5 of 7 PageID #: 12

WHEREFORE, plaintiff LAUREN IRONS demands judgment against the defendant on the first cause of action for money damages; the sum demanded herein exceeds the jurisdictional limits of all lower courts; all together with the costs and disbursements of this action.

Dated: Shirley, New York
September 16, 2019

Law Office of George T. Ostrowski Jr.

by: George T. Ostrowski Jr., Esq.
Attorneys for Plaintiffs
999-32 Montauk Highway
Suite 605
Shirley, New York 11967
(631) 682-0031

Case 1:20-cv-05692-AMD-RLM   Document 1-2   Filed 11/23/20   Page 6 of 7 PageID #: 13

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK          )
                                                )ss.:
COUNTY OF SUFFOLK       )

      George T. Ostrowski, Jr. Esq., being duly sworn, says: I am the attorney in the action herein; I am providing this verification in lieu of a verification from my client, the plaintiff herein, who resides in a county other than in Suffolk County, New York, where I maintain my office; I have read the annexed Complaint, know the contents thereof, based upon a review of my file and the documents contained therein, except those matters which are stated to be alleged on information and belief, and so to those matters I believe them to be true.

                                    _____
                                      George T. Ostrowski, Jr. Esq.

Sworn to before me this
16 th day of September, 2019.

_____
NOTARY PUBLIC

Victoria Villalta
Notary Public, State of New York
No. 01VI6396211, Suffolk County
Commission Expires August 12, 2023

Case 1:20-cv-05692-AMD-RLM   Document 1-2   Filed 11/23/20   Page 7 of 7 PageID #: 14

Index No.: 513474/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LAUREN IRONS,

Plaintiff,

- against –

RANDOLPH JOHNSON and
DOMINO'S PIZZA LLC,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## VERIFIED COMPLAINT

THE LAW OFFICE OF
GEORGE T. OSTROWSKI JR
Attorneys for Plaintiffs
999-32 Montauk Highway
Suite 605
Shirley, New York 11967
(631) 682-0031

Certified Pursuant to Rule
130-1.1-a

George T. Ostrowski Jr.